Fresenius Kabi USA, LLC v Hetero USA, Inc. (2020 NY Slip Op 03285)





Fresenius Kabi USA, LLC v Hetero USA, Inc.


2020 NY Slip Op 03285


Decided on June 11, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 11, 2020

Friedman, J.P., Mazzarelli, Gesmer, Singh, González, JJ.


11642 651871/18

[*1] Fresenius Kabi USA, LLC, Plaintiff-Appellant,
v
Hetero USA, Inc., Defendant-Respondent.


Swanson, Martin & Bell LLP, Chicago IL (Patrick G. Cooke of the bar of the State of Illinois, admitted pro hac vice, of counsel), for appellant.
Greenberg Traurig, LLP, New York (David Jay of counsel), for respondent.



Order, Supreme Court, New York County (Saliann Scarpulla, J.), entered November 29, 2018, which granted defendant's motion for summary judgment dismissing the damages claim for lost profits, unanimously affirmed, with costs.
Plaintiff seeks damages for lost profits resulting from defendant's alleged breach of the parties' "Product Distribution Agreement." The agreement contains a limitation of liability clause that provides, in pertinent part, "Except for indemnification obligations under this agreement, no party shall be liable to the other party for indirect, incidental, special or consequential damages arising out of performance under this agreement, including without limitation, loss of . . . profits" (all caps deleted). However, plaintiff argues that the damages it seeks are recoverable because they are direct, or general, as opposed to consequential (see Biotronik A.G. v Conor Medsystems Ireland, Ltd., 22 NY3d 799, 806 [2014]). We reject this argument. Whether damages for lost profits are considered general or consequential turns on "whether the lost profits flowed directly from the contract itself or were, instead, the result of a separate agreement with a nonparty" (id. at 808). Plainly, recovery of the damages plaintiff seeks is barred by the parties' agreement. Plaintiff has not provided a persuasive explanation for why the parties included the "lost profits" language in the limitation of liability clause if they did not intend to preclude the recovery of lost profits.
Contrary to plaintiff's contention, the indemnification provision mentioned in the limitation of liability clause requires the parties to indemnify one another against claims by third parties arising from their losses.
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JUNE 11, 2020
CLERK